THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY SMITH,

    Plaintiff,

v.

D. OVEROYEN, PHIL MARTIN, and
WEXFORD HEALTH SOURCES INC.,

    Defendants.

Case No. 3:24-cv-02184-GCS

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

    Plaintiff Anthony Smith, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Centralia Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Robinson Correctional Center. In the Complaint, Plaintiff alleges that he received improper dental care in violation of the Eighth Amendment.

    This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

---

[1]     The Court has jurisdiction to screen the Complaint due to Plaintiff's consent to the full jurisdiction of a Magistrate Judge (Doc. 9), and the limited consent to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between the IDOC, Wexford, and the Court.

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

## THE COMPLAINT

Plaintiff alleges that on June 18, 2023, he submitted a grievance regarding dental pain that he had been experiencing and complaining about for over a year (Doc. 1, p. 8, 10-11). Plaintiff had been requesting to see the dentist since October or November of 2022. On June 18, Plaintiff finally saw Dr. D. Overoyen, and she extracted two teeth and allegedly fitted him for a partial. *Id.* Plaintiff alleges that during the extraction, the anesthesia did not work, and he experienced significant pain. He also alleges that fragments of the teeth were left in his mouth which also caused excessive pain. *Id.* Plaintiff has attached a grievance in which he alleges that the fragments were part of the broken teeth left in his gums when Dr. Overoyen initially extracted the teeth. *Id.* at p. 15-16. He continued to experience pain after the extraction due to the remaining fragments. *Id.*

After the extraction, Plaintiff experienced delays for further care, including for his pain. He alleges the delays were caused by a policy of Wexford Health Sources Inc., that held medication lines late at night, causing his pain medication to be delivered after 10:00 p.m. when he was supposed to receive his medications at 2:00 p.m. and 7:00 p.m. (Doc. 1, p. 15-16). Plaintiff's statement of claim refers to a grievance submitted June 29, 2023, to support his claim against Wexford. That grievance alleged that the medication line was delayed on June 29, 2023, due to a thunderstorm, and Plaintiff did not receive his medications from Nurse Stevenson until later in the evening. *Id.* at p. 19-20. The grievance also noted that his medication was for pain from a hernia mesh implant and possible

cancer. *Id*. at p. 20. The grievance blamed Nurse Stevenson for the delays in his medication on that date. *Id*.

Plaintiff also alleges that healthcare unit administrator Phil Martin was aware of Overoyen's "reckless behavior" based on other inmates' complaints, as well as Plaintiff's own grievances (Doc. 1, p. 9). Plaintiff complained of Dr. Overoyen's improper dental work in his attached grievances. Dr. Overoyen later tried to remove the dental fragments that she previously left in Plaintiff's mouth, but he declined the procedure due to her previous mistakes and reckless treatment. *Id*. at p. 8-9.

## PRELIMINARY DISMISSALS

To the extent Plaintiff alleges that Phil Martin is liable for his improper dental care, Plaintiff fails to state a claim. Plaintiff alleges that Martin is liable because he is the healthcare unit administrator and was aware of Dr. Overoyen's improper dental care due to complaints of other inmates and Plaintiff's own grievances. But Martin cannot be liable simply in his role as healthcare unit administrator or as a supervisor because the doctrine of *respondeat superior* does not apply to Section 1983 claims. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Further, there are no allegations in the pleading suggesting that Martin was aware of Plaintiff's specific need for care or that he acted with deliberate indifference to Plaintiff's pain. *See, e.g., Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999) (stating that the relevant inquiry is whether defendants "actually knew about the plaintiff's condition, not whether a reasonable official should have known"). Thus, any potential claim against Martin is **DISMISSED without prejudice**.

Plaintiff also fails to state a claim against Wexford. He alleges that Wexford had a policy allowing pain medication to be delivered late at night by medical staff. His allegations in his statement of claim appear to be related to an attached grievance from June 29, 2023. (Doc. 1, p. 19). In that grievance, he alleges that the 2:00 p.m. medicine line was delayed due to a storm in the area. *Id*. His grievance blamed a nurse who improperly delayed his access to medication. *Id*. at p. 20.

As a private corporation, Wexford can be liable if it had a policy or practice that caused the constitutional deprivation. *See Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (applying municipal liability to private corporations performing governmental functions). Such liability may be based on an expressed policy, widespread practice, or an injury "caused by a person with final policymaking authority." *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). Although Plaintiff alleges in conclusory fashion that any delays in his pain medications were caused by a policy of Wexford, he fails to offer any factual allegations suggesting such a policy or practice existed. Instead, he merely points to his grievance, which suggests a single delay in his medications due to a storm and not a policy and/or practice of Wexford. (Doc. 1, p. 19-20). Nothing in his statement of claim or attached grievance suggests a policy or practice of Wexford's caused delays in care. Nor are there any allegations suggesting that any policy or practice caused the issues in dental care Plaintiff allegedly experienced while at Robinson. His allegations regarding Wexford appear to be unrelated to his claims regarding the treatment provided by Dr. Overoyen for his extracted teeth. His grievance suggests that

he was seeking pain medications from a nurse for a hernia mesh implant and/or cancer. Thus, any claim against Wexford in this case is **DISMISSED without prejudice**.

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following count:

> **Count 1:** Eighth Amendment deliberate indifference claim against Dr. D. Overoyen for delaying dental care for Smith and failing to properly extract his damaged teeth.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

At this stage, Plaintiff states a viable claim against Dr. Overoyen for her deliberate indifference in the treatment of his teeth. Plaintiff alleges that Dr. Overoyen delayed his appointment for months. When Dr. Overoyen finally saw Plaintiff, she failed to properly extract his teeth, leaving bone fragments in his gums, and causing extreme pain. That is enough at this stage to state a viable claim against Dr. Overoyen. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680

---

[2] *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

F.3d 859, 865 (7th Cir. 2012) (delay in treatment). Thus, Count 1 shall proceed against Dr. D. Overoyen.

## MOTION FOR COUNSEL

As to Plaintiff's motion for counsel (Doc. 2) and his motion regarding attempts to obtain counsel on his own (Doc. 8), Plaintiff indicates that his imprisonment will limit his ability to litigate his claims because he has limited access to the law library. But given the early stage of the litigation, it is difficult to accurately evaluate the need for the assistance of counsel. *See, e.g.*, *Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) (stating that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged.").[3] Defendant has not yet been served nor has an Answer been filed. Once Overoyen files an Answer, the Court will enter a scheduling order with initial discovery deadlines, including deadlines related to the issue of whether Plaintiff exhausted his administrative issues. The Court finds that this is a straight-forward issue which Plaintiff should be able to handle on his own. But if he experiences difficulties after the scheduling order is entered, he may renew his request for counsel at that time. For now, Plaintiff's requests for counsel (Doc. 2 and 8) are **DENIED without prejudice**.

## MOTION FOR COPIES

With his Complaint, Plaintiff also filed a motion for copies. (Doc. 4). Plaintiff seeks a copy of his Complaint and exhibits. His motion is **GRANTED**, and the Clerk of Court

---

[3] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

is **DIRECTED** to send Plaintiff a copy of his Complaint with exhibits (Doc. 1). Plaintiff is reminded that he is supposed to keep copies of his own filings; the Court will not routinely send courtesy copies of all of Plaintiff's filings. Additional copies may be purchased at the Court's standard copying rate.

### DISPOSITION

For the reasons stated above, Count 1 shall proceed against Dr. Overoyen. All other claims, including the claims against Phil Martin and Wexford Health Sources, Inc., are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Dr. Overoyen: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the

address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant Overoyen is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

**Because Plaintiff's claims involve his dental care, the Clerk of Court is DIRECTED to enter the Court's standard HIPAA Qualified Protective Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED: November 18, 2024.**

Digitally signed by Judge Sison
Date: 2024.11.18 13:35:23 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**