# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:24-cv-02184-GCS |
| | ) | |
| D. OVEROYEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM & ORDER</u>

**SISON, Magistrate Judge:**

Plaintiff Anthony Smith, an inmate of the Illinois Department of Corrections who is currently incarcerated at Centralia Correctional Center ("Centralia"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. On November 18, 2024, the Court completed its preliminary review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. (Doc. 18). Plaintiff was permitted to proceed on one Eighth Amendment deliberate indifference claim against Defendant Dr. D. Overoyen for delaying dental care and failing to properly extract damaged teeth. *Id.* at p. 5, 7.

Before the Court is Plaintiff's Motion for an Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order filed on April 14, 2025. (Doc. 35). Plaintiff alleges that non-parties Warden of Centralia, Director of Dietary at Centralia, and Food Supervisor Hanson have failed to provide him with a "soft diet" as prescribed by his dentist, Jennifer Ford. *Id.* at p. 1-2.  Specifically, he alleges that on March 9, 2025, he could

not eat the chicken patty served on the population food line because it did not comply with his soft diet. *Id.* at p. 6-7. Plaintiff also alleges that when he informed staff that he needed to take his pain meds with food or milk, a control officer told him that he would write Plaintiff a disciplinary ticket if he left the housing unit to go back to the chow hall and eat. *Id.* at p. 7.

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that the plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating: (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction. *See Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012).

Regarding the first element, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). If Plaintiff meets his burden, the Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.* In addition, the Prison Litigation Reform Act ("PLRA") provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . , and be the least intrusive means necessary to correct that harm." 18 U.S.C.

§ 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

Here, Plaintiff raises allegations that occurred after he filed the instant lawsuit, and he further seeks relief from non-parties. The claims in Plaintiff's motion are separate and distinct from the claims in this case. "[A] preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Daniels v. Dumsdorff*, Case No. 19-cv-00394-NJR, 2019 WL 3322344, at *1 (S.D. Ill. July 24, 2019) (quoting *Hallows v. Madison County Jail*, Case No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted)). *See also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Bird v. Barr*, No. 19-cv-1581 (KBJ), 2020 WL 4219784, at *2 (D.D.C. July 23, 2020) (noting that a court "only possesses the power to afford preliminary injunctive relief that is related to the claims at issue in the litigation"). The main purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). It is not meant to be used as a vehicle to air new allegations and claims.

Further, to demonstrate entitlement to preliminary relief, Plaintiff would need to establish that irreparable harm will result if injunctive relief does not issue. Because he does not allege harm specific to the allegations in *this case*, Plaintiff has failed to establish entitlement to preliminary relief, and the undersigned need not address permanent relief. Lastly, to the extent that the allegations contained in the motion relate to new incidents

not currently being pursued in any action in this Court, Plaintiff should file a new action

stating those claims and file a motion for injunctive relief in that new action.

For the above-stated reasons, Plaintiff's motion for preliminary injunction and

temporary restraining order (Doc. 35) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 22, 2025.**

Digitally signed by
Judge Sison
Date: 2025.04.22
12:32:37 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**